UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEKIA COLEMAN,

                        Plaintiff,

v.                                                 5:09-CV-1391
                                                    (GTS/GHL)

CITY OF SYRACUSE; OFFICER SHAWN HAUCK;
OFFICER SCOTT CARNS; OFFICER SEAN CARLEO;
OFFICER BRIAN NOVITSKY; OFFICER MATTHEW
ERWIN; OFFICER CHRISTOPHER LaMONTAGNE;
LIEUTENANT JOHN IVES; and EASTERN
PARAMEDICS INC., d/b/a RURAL METRO
MEDICAL SERVICES,

                        Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

OFFICE OF ANTOINETTE L. WILLIAMS, PC         ANTOINETTE L. WILLIAMS, ESQ.
   Counsel for Plaintiff
One Wolfs Lane, Suite 9
Pelham, New York 10803

HON. JUANITA PEREZ WILLIAMS                   MICHELLE K. VENEZIA, ESQ.
Corporation Counsel for City of Syracuse
   Counsel for Defendants
233 East Washington Street
300 City Hall
Syracuse, New York 13202

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this civil rights action filed by Lekia Coleman

("Plaintiff") against the City of Syracuse, Officer Brian Novitsky, Officer Shawn Hauck, Officer

Scott Carns, Officer Sean Carleo, Officer Matthew Erwin, Officer Christopher LaMontagne,

Lieutenant John Ives, and Eastern Paramedics Inc., d/b/a Rural Metro Medical Services

("Defendants") is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 9, Attach. 1.) For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I.   RELEVANT BACKGROUND

### A.   Relevant Procedural History

Plaintiff filed his original Complaint in this action on December 14, 2009. (Dkt. No. 1.) On April 28, 2010, Defendants filed a motion to dismiss for failure to state a claim. (Dkt. No. 9.) On June 9, 2010, Plaintiff opposed that motion and cross-moved for leave to file an Amended Complaint. (Dkt. No. 19.) On August 31, 2010, Plaintiff was granted leave to file an Amended Complaint, which was accepted for filing. (Text Minute Entry for 8/31/2010; *see also* Dkt. No. 25.)

Because an amended complaint supersedes an original complaint in its entirety for all purposes, it is possible for the filing of an amended complaint to render moot the relief requested in a previously filed motion to dismiss for failure to state a claim.[1] However, here, beyond properly identifying certain Defendants, the Amended Complaint contains all but one of the same claims as does the original Complaint, asserts no new claims, and is otherwise markedly similar to the original Complaint, adding only six new allegations and modifying only four previous allegations. (*Compare* Dkt. No. 1 *with* Dkt. No. 25.)

---

[1] *Taylor v. Abate*, 94-CV-0437, 1995 WL 362488, at *2 (E.D.N.Y. June 8, 1995); *see also In re Colonial Ltd. Partnership Litig.*, 854 F. Supp. 64, 80 (D. Conn. 1994) ("It frequently happens in the district court that a plaintiff amends its complaint while a motion to dismiss is pending. A court then . . . may . . . deny[] the motion as moot.").

2

For these reasons, the Court construes the arguments raised in Defendants' motion to dismiss, discussed below in Part I.C. of this Decision and Order, as applying to the claims and factual allegations asserted in Plaintiff's Amended Complaint.

### B.     Plaintiff's Claims

Generally, in his Amended Complaint, Plaintiff alleges that, on December 13, 2008, Defendants Novitsky, Hauck, Carns, Carleo, Erwin, LaMontagne, Ives, and the City of Syracuse violated his civil rights by unlawfully searching his vehicle and his person, arresting him, and using excessive force to effectuate his arrest. (*See generally* Dkt. No. 25 [Plf.'s Am. Compl.].) Based on these allegations, liberally construed, Plaintiff's Amended Complaint asserts the following seven claims: (1) a claim of excessive force against Defendants Novitsky, Hauck, Carns, Carleo, Erwin, LaMontagne, and Ives (hereinafter "the Police Defendants"); (2) a claim of false arrest/false imprisonment against the Police Defendants; (3) a claim of unreasonable search and seizure against the Police Defendants; (4) a claim of violation of his equal protection rights against the Police Defendants; (5) a claim of inadequate conditions of confinement against the Police Defendants; (6) a due process claim against the Police Defendants; and (7) a claim of municipal liability against the City of Syracuse arising out of the conduct of the Police Defendants. (Dkt. No. 25, ¶¶ 27-57.)[2] Familiarity with the factual allegations supporting these

---

[2]     In his Amended Complaint, Plaintiff also asserts the following two claims against Defendant Rural Metro Medical Services: (1) a claim of negligence; and (2) a claim of medical malpractice. However, on November 4, 2010, several months after the filing of Plaintiff's Amended Complaint, Plaintiff filed a stipulation of dismissal, voluntarily withdrawing its two causes of action against Defendant Rural Metro Medical Services. (Dkt. No. 36.) On November 5, 2010, the Court issued an Order approving the stipulation and dismissing Rural Metro Medical Services from this action. (Dkt. No. 37.) As a result, the Court need not, and does not, discuss the claims against Defendant Rural Metro Medical Services in this Decision and Order.

claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

### C. Defendants' Motion

Generally, in support of their motion to dismiss, Defendants argue, in pertinent part, as follows: (1) Plaintiff's claims against the City of Syracuse must be dismissed because Plaintiff has failed to allege facts plausibly suggesting a claim for municipal liability, and the City of Syracuse cannot be held liable on a theory of respondeat superior; (2) Plaintiff's claims against the Police Defendants should be dismissed because Plaintiff has failed to "plead sufficient facts to show that the claims in the [Amended] Complaint are plausible on their face"; (3) the Police Defendants are entitled to qualified immunity; and (4) the Police Defendants in their official capacity and the City of Syracuse are immune from liability for punitive damages. (*See generally* Dkt. No. 9, Attach. 1 [Defs.' Memo. of Law].)[3]

In Plaintiff's response to Defendants' motion to dismiss, he argues as follows: (1) Plaintiff's claim of municipal liability against the City of Syracuse should not be dismissed because he has alleged facts plausibly suggesting a custom or policy of inadequate supervision and/or training; (2) Plaintiff's claims against the Police Defendants should not be dismissed

---

[3] Defendants also argue that (1) Plaintiff's harassment claim should be dismissed because New York does not recognize a common law cause of action for harassment, and (2) in the event that the Court dismisses Plaintiff's claims arising under federal law, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. With regard to Defendants' first argument, Plaintiff did not assert a harassment claim in his Amended Complaint. As a result, he has abandoned this claim. Therefore, the Court need not, and does not, consider Defendants' first argument. With regard to Defendants' second argument, because some of Plaintiff's claims survive Defendants' motion, for the reasons discussed below, the Court need not, and does not, consider Defendants' argument regarding the Court exercising supplemental jurisdiction over Plaintiff's state law claims (to the extent they exist).

because Plaintiff has alleged facts plausibly suggesting that the Police Defendants violated his constitutional rights; (3) based on the allegations in the Amended Complaint, the Police Defendants are not entitled to qualified immunity; and (4) because Plaintiff has sued the Police Defendants in their individual, as well as their official capacity, he is entitled to request punitive damages.  (*See generally* Dkt. No. 20, Attach. 1 [Plf.'s Response Memo. of Law].)

In their reply, Defendants argue that Plaintiff's claim for punitive damages should be dismissed because he has failed to specify which Defendants he is seeking punitive damages against, and he cannot recover punitive damages against the City of Syracuse.  (Dkt. No. 22.)

## II.  RELEVANT LEGAL STANDARDS

### A.  Legal Standard Governing Motions to Dismiss for Failure to State a Claim

For the sake of brevity, the Court will not recite, in this Decision and Order, the well-known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will direct the reader to the Court's recent decision in *Wade v. Tiffin Motorhomes, Inc.*, 05-CV-1458, 2009 WL 3629674, at *3 (N.D.N.Y. Oct. 27, 2009) (Suddaby, J.), which accurately recites that legal standard.

### B.  Legal Standards Governing Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties.  (Dkt. No. 9, Attach.1 [Defs.' Memo. of Law]; Dkt. No. 20, Attach. 1 [Plf.'s Response Memo. of Law].)

### III.   ANALYSIS

#### A.   Plaintiff's Claim Against Police Defendants

As stated above in Part I.C. of this Decision and Order, Defendants seek dismissal of Plaintiff's claims against the Police Defendants because (1) Plaintiff has failed to allege facts plausibly suggesting a claim of excessive force, false arrest, false imprisonment, unreasonable search and seizure, violation of Plaintiff's right to equal protection, or inadequate conditions of confinement, and (2) the Police Defendants are entitled to qualified immunity as a matter of law based upon the factual allegations of Plaintiffs' Amended Complaint.

Addressing Defendants' second argument first, "[a]lthough a defendant may assert the defense of qualified immunity in a motion to dismiss, the Second Circuit has held that it is very difficult for such a defense to succeed at the pleading stage." *Charles v. New York State DOCS*, 07-CV-1274, 2009 WL 890548, at *6 (N.D.N.Y. Mar. 31, 2009) (Hurd, J.) (citing *McKenna v. Wright*, 386 F.3d 432, 436-37 [2d Cir. 2004]). "The defense must be based on facts appearing on the face of the complaint." *Charles*, 2009 WL 890548, at *10 (citing *Benzman v. Whitman*, 523 F.3d 119, 125 [2d Cir. 2008]); *see also Bernstein v. City of New York*, 06-CV-0895, 2007 WL 1573910, at *9 (S.D.N.Y. 2007) ("Because the qualified immunity defense necessarily involves a fact-specific inquiry, '[i]t is generally premature to address the defense of qualified immunity in a motion to dismiss pursuant to [Rule] 12(b)(6).'") (quoting *Walker v. Mendoza*, 00-CV-0093, 2000 WL 915070, at *7 [E.D.N.Y. June 27, 2000]). In other words, a defendant is entitled to qualified immunity on a motion to dismiss if the Plaintiff fails to "state a claim of violation of clearly established law." *Connell v. Signoracci*, 153 F.3d 74, 80 (2d. Cir. 1998) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 306 [1996]).

Here, the factual allegations in the Amended Complaint do not lead to the inescapable conclusion that the Police Defendants are entitled to qualified immunity from suit. "Depending on what evidence is adduced through discovery, dismissal of [P]laintiff's claims against [these Defendants] may be warranted on a properly supported motion for summary judgment, but at this point, dismissal on this basis . . . is premature." *Rivera v. Fischer*, 655 F. Supp.2d 235, 240 (W.D.N.Y. 2009).

With that said, the Court will address Defendants' first argument, challenging the pleading sufficiency of each of Plaintiff's claims against the Police Defendants.

### 1. Excessive Force

"A pretrial detainee states a claim for excessive force 'even if the victim does not suffer serious, or significant injury, provided that the amount of force used is more than de minimis, or involves force that is repugnant to the conscience of mankind.'" *Perri v. Bloomberg*, 06-CV-0403, 2007 WL 2891332, at *7 (E.D.N.Y. Sept. 28, 2007) (quoting *United States v. Walsh*, 194 F.3d 37, 48 [2d Cir. 1999] [applying test in *Hudson v. McMillian*, 503 U.S. 1 (1992) to pretrial detainees under the Fourteenth Amendment]). "Under *Hudson*, 'whenever [police] officials stand accused of using excessive physical force in violation of the [Constitution], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Perri*, 2007 WL 2891332, at *7 (quoting *Hudson*, 503 U.S. at 6-7).

Here, Plaintiff alleges facts plausibly suggesting that he was stopped and questioned without probable cause or reasonable suspicion, and that, after he refused to consent to the search of his vehicle, the Police Defendants "opened [his] car door and pulled him from the

vehicle." (Dkt. No. 25, at ¶¶ 17, 18.) Plaintiff further alleges that, after he was out of his car and complied with the Police Defendants' order to go to the ground, the Police Defendants "began striking [him,]" causing him to suffer "severe and serious injuries . . . including but not limited to depressed left zygoma fracture as well as a small mildly displaced right orbital floor fracture." (*Id*. at ¶ 20.) In addition, Plaintiff alleges facts plausibly suggesting that (1) the Police Defendants "had no reason to believe that Plaintiff was armed[,]" (2) he "did not use any degree of force against [the Police] Defendants[,]" and (3) the force used was therefore "unjustified." (*Id*. at ¶¶ 38-40.) As a result of this incident, Plaintiff alleges that he was transported to the hospital for treatment. (*Id*. at ¶ 22)

Under the circumstances, the Court finds that Plaintiff has alleged facts plausibly suggesting a claim for excessive force. The Court would add only that, assuming Plaintiff's Amended Complaint alleges that less than all of the Police Defendants subjected him to excessive force,[4] the fact that Plaintiff failed to allege facts plausibly suggesting which police officers used force against him does not create grounds for denying Plaintiff the opportunity to conduct discovery on this claim. *See Perri*, 2007 WL 2891332, at *7 (rejecting defendants' argument that plaintiff's excessive force claim should be dismissed because, *inter alia*, "plaintiff does not adequately specify whether it was the paramedics or the police, and if the police, which police officers he alleges dropped him on his face").

As a result, Defendants' motion to dismiss this claim is denied.

---

[4] The Amended Complaint can be construed as alleging that only two Police Defendants subjected him to excessive force. (*See* Dkt. No. 25, at ¶ 16 [alleging that "two police officers and/or detectives" approached his vehicle].) However, the Amended Complaint can also be liberally construed as alleging that more than two Police Defendants subjected him to excessive force. (*See id*. at ¶¶ 18-19 [noting that, after he was pulled from his vehicle, he was "surrounded by police officers"].)

### 2. False Arrest and False Imprisonment[5]

"To state a claim of false arrest or false imprisonment, a plaintiff must show[] (1) that the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Khaja-Moinuddin v. City of New York*, 09-CV-0646, 2010 WL 3861003, at *5 (E.D.N.Y. Sept. 28, 2010) (citing *Savino v. City of New York*, 331 F.3d 63, 75 [2d Cir. 2003]). In New York, "the existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006); *Caldarola v. Calabrese*, 298 F.3d 156, 161 (2d Cir. 2002); *see also Singer*, 63 F.3d at 118 ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). Probable cause requires an officer to have "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (citation omitted). "Probable cause is to be analyzed from an objective perspective, . . . , in light of the totality of the circumstances." *Khaja-Moinuddin*, 2010 WL 3861003, at *5 (internal quotation marks and citations omitted). "Therefore, the actual motivation of the arresting officer is irrelevant." *Id*. (citation omitted).

In his Amended Complaint, Plaintiff alleges facts plausibly suggesting that the Police Defendants, without probable cause or reasonable suspicion, approached his vehicle, questioned him, searched his vehicle without his consent, and illegally detained him. (Dkt. No. 25, at ¶¶ 17-20.) Plaintiff further alleges facts plausibly suggesting that the charges for which he was

---

[5] False arrest is a type of false imprisonment; the two claims have identical elements. *See Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995).

9

arrested, criminal possession of a controlled substance and resisting arrest, were dismissed. (*Id*. at 24.) Under the circumstances, the Court finds that Plaintiff has alleged facts plausibly suggesting a claim for false arrest. As a result, Defendants' motion to dismiss this claim is denied.

### 3. Unreasonable Search and Seizure

"Under the Constitution, warrantless searches are per se unreasonable, unless they fall within one of a limited number of exceptions." *Evans v. Solomon*, 681 F. Supp.2d 233, 246 (E.D.N.Y. 2010) (citing *Thompson v. Louisiana*, 469 U.S. 17, 19-20 [1985] [quoting *Katz v. United States*, 389 U.S. 347, 357 [1967]). "Exceptions to the per se rule exist because 'the ultimate touchstone of the Fourth Amendment' is the reasonableness of the search or seizure at issue." *Evans*, 681 F. Supp.2d at 246 (quoting *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 [2006]). "Thus, if it is established that the place or object subjected to the warrantless search is one in which the Plaintiff had a reasonable expectation of privacy, Defendants have the burden of showing that the search was valid because it fell within one of the exceptions to the warrant requirement." *Id*. at 246-47 (citing *McCardle v. Haddad*, 131 F.3d 43, 48 [2d Cir. 1997]).

Here, Plaintiff has alleged facts plausibly suggesting that (1) he was stopped and questioned without probable cause or reasonable suspicion, (2) his vehicle was subsequently searched without his consent, and (3) he was arrested. Under the circumstances, the Court finds that Plaintiff has alleged facts plausibly suggesting a claim for unreasonable search and seizure. As a result, Defendants' motion to dismiss this claim is denied.

### 4. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment, which provides that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws" (*see* U.S. Const. amend. XIV, § 1), "requires the government to treat all similarly situated individuals

alike." *Young v. Suffolk County*, 09-CV-3325, 2010 WL 1424008, at *16 (E.D.N.Y. Apr. 9, 2010) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 [1985]).

Ordinarily, "[t]o state a claim for an equal protection violation, [plaintiffs] must allege that a government actor intentionally discriminated against them on the basis of race, national origin or gender." *Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999), *overruled in part on other grounds by Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). However, "an individual not alleging invidious discrimination on the basis of membership in some group may nevertheless prevail on an equal protection claim under the 'class of one' theory recognized by the Supreme Court in *Willowbrook v. Olech*, 528 U.S. 562 (2000)." *Young*, 2010 WL 1424008, at *16.

"Under a 'class of one' equal protection claim, a plaintiff must allege that (1) '[she] has been intentionally treated differently from others similarly situated' and (2) 'there is no rational basis for the difference in treatment.'" *Id*. (quoting *Willowbrook*, 528 U.S. at 564). "In order to state an equal protection violation under § 1983, 'it is axiomatic that plaintiff must allege that similarly situated persons were treated differently.'" *Id*. (quoting *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 [2d Cir. 1994]).

Here, the Court finds that, even when construed with the utmost of liberality, Plaintiff's Amended Complaint fails to allege facts plausibly suggesting that he was intentionally treated differently from others similarly situated. As a result, Plaintiff's equal protection claim is dismissed.

### 5. Inadequate Conditions of Confinement

"To succeed on a conditions of confinement claim, both an objective and subjective test must be met." *Benjamin v. Kooi*, 07-CV-0506, 2010 WL 985844, at *10 (N.D.N.Y. Feb. 25, 2010) (Homer, M.J.). "First, the deprivation must, from an objective standpoint, be 'sufficiently

11

serious.'" *Kooi*, 2010 WL 985844, at *10 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 [1994]). "Therefore, a plaintiff must demonstrate that the conditions of confinement fell below the 'minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S.337, 347 [1981]). "Specifically, a prisoner must prove that he has been deprived of a 'single, identifiable human need such as food, warmth, or exercise.'" *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 [1991]). "The subjective test requires a plaintiff to show that the defendant prison officials imposed the conditions with deliberate indifference." *Id*. (citing *Jolly v. Coughlin*, 76 F.3d 468, 480 [2d Cir. 1996]). "Deliberate indifference" exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In other words, "this standard requires that only the deliberate infliction of punishment, and not an ordinary lack of due care for prisoner interests or safety, lead to liability." *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) (citing *Farmer*, 511 U.S. at 841).

Here, the Court finds that, even when construed with the utmost of liberality, Plaintiff's Amended Complaint fails to allege facts plausibly suggesting that he suffered any sort of deprivation during his confinement. In addition, his Amended Complaint fails to allege facts plausibly suggesting that any of the Police Defendants was aware of a substantial risk of serious harm.

For these reasons, Plaintiff's inadequate conditions of confinement claim is dismissed.

### 6. Due Process

Construed liberally, Plaintiff's Amended Complaint also alleges that "Defendants acted maliciously, willfully and wantonly although under color of law and Plaintiff[] was deprived of [his] rights, privileges and immunities under the Fourth and Fourteenth Amendments of the

United States Constitution including but not limited to . . . the right to life, liberty, and property without due process of law." (Dkt. No. 25, at ¶ 30.)

"Due process has both a procedural and substantive component." *Berrios v. State Univ. of N.Y. at Stony Brook*, 518 F. Supp.2d 409, 418 (E.D.N.Y. 2007). "Procedural due process requirements are generally satisfied by appropriate notice and an opportunity to be heard." *Berrios*, 518 F. Supp.2d at 418 (citation omitted). "Substantive due process, on the other hand, refers not to particular hearing procedures, but circumscribes an 'outer limit' on permissible governmental action. *Id*. (citation omitted).[6]

"To state a due process violation–procedural or substantive–Plaintiff must first show a deprivation of a constitutionally protected property or liberty interest." *Id*. (citing, *inter alia*, *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1061-62 [2d Cir.], *cert. denied*, 510 U.S. 865 [1993]).[7] "It is only when such a right is established that the court may turn to a discussion of whether there has been a deprivation of that right without due process." *Id*. "While state law may define the interest sought to be protected, federal law determines whether an interest rises to the level of an 'entitlement' implicating the protections of the Due Process Clause." *Id*. at 418-19 (citations omitted).

---

[6] More specifically, "[s]ubstantive due process protects individuals against government action that is arbitrary, . . . conscience-shocking, . . . or oppressive in a constitutional sense, . . . but not against constitutional action that is incorrect or ill-advised." *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) [internal quotations marks and citations omitted], *aff'g*, 91-CV-1196, *Memorandum-Decision and Order* (N.D.N.Y. Jan. 26, 1993) (DiBianco, M.J.) (granting summary judgment to defendants in inmate's civil rights action).

[7] For example, in order to show that he possessed a protected *liberty* interest for purposes of a *procedural* due process claim, an inmate must allege facts plausibly suggesting that the restraint in question imposed on him an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-484 (1995).

Here, the Court finds that, even when construed with the utmost of liberality, Plaintiff's Amended Complaint fails to allege facts plausibly suggesting that he was deprived of a property or liberty interest protected by the Fourteenth Amendment. Moreover, even if the Court were to assume that Plaintiff's Amended Complaint has allege such facts, the Court would find that the Amended Complaint fails to allege facts plausibly suggesting that such a deprivation was effected without due process. For each of these two alternative reasons, Plaintiff's due process claim is dismissed.

### B. Plaintiff's Claim of Municipal Liability Against the City of Syracuse

As stated above in Part I.C. of this Decision and Order, Defendants seek the dismissal of this claim because Plaintiff has failed to allege facts plausibly suggesting a claim for municipal liability, and the City of Syracuse cannot be held liable on a theory of respondeat superior. Based on even the most liberal construction of Plaintiff's Amended Complaint, the Court accepts Defendants' argument.

A municipality may not be held liable under Section 1983 on the basis of respondeat superior. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *see also Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992) ("The Supreme Court has made clear that § 1983 does not subject municipalities to liability whenever municipal employees go astray. It is only when the municipality itself wreaks injury on its citizens that municipal liability is appropriate."). Rather, "[t]o hold a municipality liable under Section 1983, a plaintiff must establish both a violation of his or her constitutional rights and that the violation was caused by a municipal policy or custom." *Bradley v. City of New York*, 08-CV-1106, 2009 WL 1703237, at *2 (E.D.N.Y. June 18, 2009) (citing, *inter alia*, *Bd. of the County Comm'rs v. Brown*, 520 U.S. 400, 404 [1997] [noting that the policy or custom must be the actual "moving force" behind the alleged wrongs"]).

"[T]o establish municipal liability under Section 1983, a plaintiff must show one of the following: (1) a formal policy, promulgated or adopted by the City . . . ; (2) that an official with policymaking authority took action or made a specific decision which caused the alleged violation of constitutional rights . . . ; or (3) the existence of an unlawful practice by subordinate officials was so permanent or well settled so as to constitute a custom or usage and that the practice was so widespread as to imply the constructive acquiescence of policymaking officials. *Bradley*, 2009 WL 1703237, at *2 (internal quotation marks and citations omitted). "If liability is based on failure to train or supervise, a plaintiff must show 'deliberate indifference to the rights of those with whom the municipal employees will come into contact.'" *Id*. (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 [1989]).

"To establish that the policymaker took action or constructively acquiesced to an unlawful practice, a plaintiff must show that the policymaking official 'had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was obvious, . . . and the policymaker's failure to investigate or rectify the situation evidences deliberate indifference, rather than mere negligence or bureaucratic inaction.'" *Id*. (quoting *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 [2d Cir. 2004]). Moreover, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which can be attributed to a municipal policymaker." *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985).

"In terms of what a complaint must allege to survive a Motion to Dismiss, the Second Circuit has held that 'the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such

an inference.'" *Id*. at *3 (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 [2d Cir. 1993], *overruled on other grounds*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 [1993]); *see also Smith v. City of New York*, 290 F. Supp.2d 317, 322 (E.D.N.Y. 2003) (holding that a conclusory, boilerplate assertion of a municipal policy or custom was insufficient to survive motion to dismiss); *Econ. Opportunity Comm'n v. County of Nassau, Inc.*, 47 F. Supp.2d 353, 370 (E.D.N.Y. 1999) (dismissing municipal liability claim where plaintiffs "d[id] not proffer any facts in support of the conclusory allegation that the defendants' conduct amounts to a custom or policy, or that this custom or policy caused the plaintiffs' injuries."). Instead, a plaintiff must "allege actual conduct by a municipal policymaker." *Walker*, 974 F.2d at 296-97; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.").

In his Amended Complaint, Plaintiff alleges, *inter alia*, that the constitutional violations that he experienced were "carried out by . . . Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices and procedures and rule of the Defendant City of Syracuse and Syracuse Police Department." (Dkt. No. 25, at ¶ 46.) Plaintiff further alleges that "[i]t was the policy and/or practice of the Defendant City of Syracuse to inadequately supervise and train its law enforcement personnel, thereby failing to adequately discourage Constitutional violations on the part of Defendants." (*Id*. at ¶ 48.) In addition, Plaintiff alleges that "it was the policy, custom and/or practice of Defendant City of Syracuse to [1] inadequately investigate complaints of law enforcement personnel's misconduct and acts of misconduct were instead tolerated by Defendant City of Syracuse[, and 2] . . . fail to reprimand, discipline or inadequately reprimand and discipline law enforcement officers for misconduct and past acts of misconduct." (*Id*. at ¶¶ 49, 50.)

16

Even when it construes Plaintiff's Amended Complaint with the utmost of liberality, the Court finds that the Amended Complaint's conclusory allegations that the City of Syracuse had a custom or policy of improperly training and/or supervising its police officers are insufficient to state a claim for municipal liability.[8] Moreover, Plaintiff's allegation that the City has a custom or policy of not disciplining or adequately reprimanding its officers for "misconduct" is conclusory and does not plausibly suggest a casual connection to the conduct of which Plaintiff alleges he was a victim.[9] In sum, Plaintiff's Amended Complaint does not allege that (1) an official with policymaking authority was aware of (and took action to further) a custom or policy adopted by the police department (or its officers) of falsely arresting citizens and/or using excessive force to arrest them,[10] (2) the City of Syracuse formally adopted a policy of allowing

---

[8] *See Bradley*, 2009 WL 1703237, at *3 ("Accepting as true Plaintiff's allegation that he was arrested without probable cause in violation of his constitutional rights, Plaintiff has not alleged facts sufficient to state a claim for municipal liability for false arrest as a result of any policy or custom of the City. The Complaint's conclusory, boilerplate language-that the City 'fail[ed] to adequately train, discipline, and supervise' employees and 'fail[e]d to promulgate and put into effect appropriate rules and regulations applicable to the duties and behavior' of its employees . . . -is insufficient to raise an inference of the existence of a custom or policy, let alone that such a policy caused Plaintiff to be arrested without probable cause."); *Dwares*, 985 F.3d at 100 (noting that "the simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury").

[9] *See Cruz v. City of New York*, 08-CV-8640, 2010 WL 3020602, at *8 (S.D.N.Y. July 27, 2010) ("Although many of Plaintiff's allegations complain generally about the City's failure to discipline officers for their alleged misconduct, almost none of these allegations relates to unlawful searches or perjurious testimony. The only allegation[] related to those acts [is] . . . that the City has been aware, through judicial evidentiary rulings and complaints filed with the CCRB, 'that a disturbing number of [its] police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in reporting the obviously illegal actions of their fellow officers.' . . . Yet that allegation . . . is simply too conclusory and vague to meet the pleading standard set forth in *Iqbal*.").

[10] For example, the Court notes that Plaintiff has alleged no facts connecting the alleged constitutional violations that he experienced at the hands of the Police Defendants to the City's official policies or policymakers.

17

its officers to falsely arrest citizens and/or use excessive force against them, (3) Syracuse police officers falsely arrest citizens and/or use excessive force against them on such a widespread basis as to imply the constructive acquiescence of policymaking officials,[11] or (4) the alleged inadequate training or supervision was the result of a policymaker's "'conscious choice' rather than mere negligence."[12]

For these reasons, Plaintiff's claim of municipal liability is dismissed.

### C. Plaintiff's Claims for Punitive Damages

As stated above in Part I.C. of this Decision and Order, Defendants seek the dismissal of Plaintiff's claim for punitive damages on the ground that punitive damages may not be recovered against state or municipal employees acting in their official capacity, or a municipality. Plaintiff does not oppose Defendants' contention. Rather, Plaintiff argues that he is able to request punitive damages against the Police Defendants in their individual capacities. (Dkt. No. 20, Attach. 1.) The Court agrees. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269-70 (1981); *Thomas v. O'Brien*, 08-CV-0318, 2009 WL 811447, at *1 (N.D.N.Y. Mar. 27, 2009) (Mordue, J.) (noting that, although "plaintiff's claim for punitive damages against defendants in their official capacities as City of Syracuse police officers must be dismissed . . . plaintiff may still pursue punitive damages against defendants to the extent his amended complaint may be interpreted to assert such claims against defendants in their individual capacities").

---

[11] The Court notes that the only incident of false arrest and excessive force alleged in the Amended Complaint regards the alleged use of excessive force against Plaintiff on December 13, 2008.

[12] *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 128 (2d Cir. 2004) (noting that, with respect to claims of improper supervision (i.e., claims based on deliberate indifference), "[t]he operative inquiry is whether the facts suggest that the policymaker's inaction was the result of a 'conscious choice' rather than mere negligence").

Thus, Plaintiff's claim for punitive damages against the Police Defendants in their official capacities is dismissed. However, Plaintiff's claim for punitive damages against the Police Defendants in their individual capacities survives Defendants' motion to dismiss.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss Plaintiff's Amended Complaint (Dkt No. 9) for failure to state a claim is **GRANTED in part** and **DENIED in part** in the following respects:

(1) Plaintiff's following claims are **DISMISSED**:

    (a) Plaintiff's Fourteenth Amendment equal protection claim;

    (b) Plaintiff's Eighth Amendment conditions-of-confinement claim;

    (c) Plaintiff's Fourteenth Amendment due process claim;

    (d) Plaintiff's municipal liability claim against the City of Syracuse; and

    (e) Plaintiff's claim for punitive damages against the Police Defendants in their official capacity; and

(2) Plaintiff's following claims survive Defendants' motion to dismiss:

    (a) Plaintiff's Fourteenth Amendment excessive force claim against the Police Defendants;

    (b) Plaintiff's Fourth Amendment false arrest claim against the Police Defendants;

    (c) Plaintiff's Fourth Amendment unreasonable search and seizure claim against the Police Defendants; and

    (d) Plaintiff's claim for punitive damages against the Police Defendants in their individual capacities; and it is further

      **ORDERED** that the City of Syracuse is **<u>DISMISSED</u>** as a Defendant in this action.

Dated: January 4, 2011
       Syracuse, New York

                                                                           */s/ Glenn T. Suddaby*
                                                                           Hon. Glenn T. Suddaby
                                                                           U.S. District Judge